# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTINHO TAVARES RODRIGUES, | : | CIVIL NO. 3:CV-10-2530 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| BRUCE CHADBOURNE, et al., | : | |
| Respondents: | | |

## MEMORANDUM

Martinho Tavares Rodrigues ("petitioner"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") incarcerated at the York County Prison, Pennsylvania, originally filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the District of Massachusetts on December 8, 2010. (Doc. 1.) On December 13, 2010, the matter was transferred to this court. (Doc. 3.) Following preliminary review of the petition (Doc. 1), see R. GOVERNING § 2254 CASES R. 4 (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), it is concluded that the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

I. **Background**

Petitioner, a native and citizen of Cape Verde, entered the United States as a lawful permanent resident at Boston, Massachusetts on June 25, 1987. (Doc. 1, at ¶ 2.) Additional relevant factual background was set forth in the order transferring the matter from the district court of Massachusetts as follows:

Rodrigues represents, and the public record confirms, that on July 30, 2007, he was ordered removed to Cape Verde. See Rodrigues v. Attorney General, App. No. 08-1041 (3d Cir. Apr. 14, 2009) (per curiam). [footnote omitted] The Board of Immigration Appeals dismissed his appeal from the removal order, and on April 19, 2009, the Third Circuit denied Rodrigues's petition for review. See id. at 2. Rodrigues had argued that he enjoyed derivative citizenship because his father had been naturalized in 1993 when Rodrigues was about eleven years old and residing with his father. See id. The Third Circuit rejected this argument, concluding that Rodrigues's father did not have "legal custody" of Rodrigues at the time of the naturalization at 7-8. See id.

In the present petition, Rodrigues alleges that his removal is not reasonably foreseeable because the government of Cape Verde will not issue travel documents. Rodrigues attached to the petition a letter dated November 12, 2010 from the Consul General of the Republic Cape Verde to the Department of Homeland Security in which the Consul General states that it will not issue travel documents for Rodrigues because the Republic of Cape Verde takes the position that Rodrigues became a [United States] citizen when his father was naturalized.

(Doc. 3.)

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

The removal period begins to run on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the

date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, as it appears was the case here, the district director may retain responsibility for custody determinations for up to three months, or refer the alien for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release. 8 C.F.R. § 241.13(d)(1). Pursuant to 8 C.F.R. § 241.13, special review procedures are established for "those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the

alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). Significantly, an alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Id.

In the matter *sub judice*, the appropriate remedy is to dismiss the petition and refer the case to the Bureau of Immigration and Customs Enforcement (ICE) to examine the propriety of petitioner's continued custody. ICE should treat the petition as a request for a release from detention pursuant to 8 C.F.R. § 241.13, and evaluate that request under the appropriate federal regulations.

An appropriate order accompanies this memorandum.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: December 16, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTINHO TAVARES RODRIGUES, | : | CIVIL NO. 3:CV-10-2530 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| BRUCE CHADBOURNE, et al., | : | |
| Respondents: | | |

## ORDER

AND NOW, to wit, this 16th day of December, upon preliminary review of the petition pursuant to 28 U.S.C. § 2241 (Doc. 1), see R. GOVERNING § 2254 CASES R. 4, it is hereby ORDERED that:

1. The application to proceed in forma pauperis (Doc. 2) is granted for the sole purpose of the filing of the action.

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED.

3. As of the date of this order, ICE shall treat the petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.13. ICE shall provide petitioner with a response to his request within thirty days.

4. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court